IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD JAMES COTTERMAN,

    Petitioner,

v.                                                        CASE NO. 4:15-cv-520-WS-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and ECF No. 3, Petitioner's motion for leave to proceed as a pauper. The Court finds that leave to proceed as a pauper should be granted. For the reasons discussed below, it is respectfully **RECOMMENDED** that the petition be **DISMISSED** under the *Younger v. Harris* abstention doctrine.

Petitioner is presently confined at the Wakulla County Jail. The Petition stems from criminal felony proceedings currently pending in the Circuit Court for the Second Judicial Circuit, Wakulla County, in *State v. Cotterman*, Case No. 2013-97CF. A review of the state court docket reflects that Petitioner is charged with possession of a firearm by a convicted felon, burglary, and grand theft.[1] Petitioner contends that he is entitled to federal habeas corpus relief from the pending state case on the basis of double jeopardy, "restraint of my liberty," and violation of Florida criminal court rules, including

---

[1] The state court docket reflects that Petitioner is currently represented by appointed counsel, although it further appears that he is seeking to discharge counsel. *See* Case No. 2013-97CF, docket entry dated 10/20/2015 (setting *Nelson* hearing).

rules governing speedy trial deadlines. Petitioner contends that after granting a continuance the trial court judge erroneously, and without Petitioner's consent or knowledge, declared a mistrial. Petitioner alleges that the trial judge has engaged in ex parte communications and that the state prosecutor has obtained copies of Petitioner's legal work from jail officials, in violation of Petitioner's constitutional rights. ECF No. 1 at 1-6.

This Court must abstain from passing on Petitioner's federal habeas corpus claims pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). *Younger* was concerned with the equitable restraint by federal courts of state court criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. Of Florida*, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6.

Petitioner's allegations do not suggest that any of the *Younger* exceptions would apply in this case. Any interference by this Court in Petitioner's pending state criminal prosecution would defy the "strong federal policy against federal-court interference with

pending state judicial proceedings" expressed by the Supreme Court in *Younger*. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Accordingly, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, ECF No. 3, is **GRANTED.**

It is respectfully **RECOMMENDED** that the Petition for Writ Of Habeas Corpus, ECF No. 1, be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 3rd day of November 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**